UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:08CV-P94-R

RICKEY BERNARD JONES                                                    PLAINTIFF

v.

KENTUCKY DEPARTMENT OF CORRECTIONS *et al.*                DEFENDANTS

MEMORANDUM & ORDER

Plaintiff, a convicted inmate currently incarcerated in the Kentucky State Penitentiary,

filed a *pro se* complaint against various state officers and employees (DN 1).  This matter is

currently before the Court on several motions filed by the parties.

Subsequent to the filing of the complaint, Plaintiff filed a "Motion to Amend Complaint

to Add Names of Unknown Defendants to Original Complaint and to Add Additional Unknown

Defendants" (DN 19).  Within a week of filing the motion to amend, Plaintiff filed a motion to

file a corrected version of the amended complaint (DN 20).  Therein, he reports that (1) he

misnumbered the previously filed amended complaint; and (2) he inadvertently omitted page 19

of his amended complaint.  He, therefore, asks the Court to accept the corrected version.

Upon consideration, **IT IS ORDERED that Plaintiff's first motion to amend the**

**complaint (DN 19) is DENIED and that Plaintiff's motion to file corrected version of**

**amended complaint (DN 20) is GRANTED.**

Shortly after filing the motion to file a corrected version of the amended complaint,

Plaintiff filed a motion to correct typographical errors in his amended complaint (DN 21).  He

seeks to strike a duplicate "their" on the bottom of page 19, paragraph no. 59, and to add the

words "lack of" to paragraph no. 27.  Because a duplicate "their" does not affect the substance of

the complaint/amended complaint and because the words "lack of" are included in the original complaint in paragraph no. 23, **IT IS ORDERED that Plaintiff's motion to correct typographical errors in the corrected amended complaint (DN 21) is DENIED as unnecessary.**[1]

Under 28 U.S.C. § 1915A, when a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the court must review the complaint.  § 1915A(a). Upon review, the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

Prior to this Court's mandatory screening of Plaintiff's complaint (and his subsequent amendment), counsel for Defendants Deb Williams, Susan Reffett, April Hyatt, and Linda Goins filed motions to dismiss (DNs 6 & 8) and counsel for Defendant Correct Care Integrated Health, Inc., filed a motion for summary judgment (DN 43).  Because the Court is statutorily required to screen the complaint and its amendment prior to service on Defendants and, consequently, prior to any answer or other responsive pleading or dispositive motion, **IT IS ORDERED that the pending dispositive motions (DNs 6, 8 & 43) are DENIED without prejudice** to refiling, if necessary, after the Court conducts its screening under § 1915A.

---

[1]For future reference, Plaintiff is instructed that motions to correct are not necessary to correct nonsubstantive, typographical, or other similar errors.

2

For this same reason, **IT IS FURTHER ORDERED that Plaintiff's discovery requests (DN 36) are DENIED without prejudice to refiling, if necessary, and that Plaintiff's motion to strike answer (DN 39) is DENIED as moot**.

Date:

cc:  Plaintiff, *pro se*
    Counsel of Record
4413.005