## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:08CV-P94-R

**RICKEY BERNARD JONES**                                                                 **PLAINTIFF**

**v.**

**KENTUCKY DEPARTMENT OF CORRECTIONS** *et al.*            **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on initial review of the complaint (DN 1) and amended complaint (DN 51) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, a portion of the claims will be dismissed and the others will continue.

### I.

Plaintiff, a convicted inmate currently incarcerated in the Kentucky State Penitentiary ("KSP"), filed a *pro se* complaint against several Defendants. He sues the Kentucky Department of Corrections ("KDOC"); its Commissioner, LaDonna Thompson; its Chief Medical Physician, Dr. Scott Haas; Dr. Richard Kimbler, "second in charge Medical Physician of the KDOC"; Dr. Shedlofsky, "presumably another 2nd or assistant to Haas"; Dr. Steve Hiland and Nurse Chanin Hiland, ARNP, medical employees of the KDOC who oversee three prison facilities; and KSP Warden, Thomas Simpson. Plaintiff further sues Kentucky Correctional Health Services Network and Correctional Health Alliance, two contract healthcare providers for the KDOC. He also sues a third contract healthcare provider -- Correct Care Integrated Health, Inc. ("CCIHI"); its president, Arthur A. Hellebusch, III; its vice-president, Linda Goins, ARNP; its CEO, Anthony Baxter; and its secretary Jenny Kehler. Plaintiff additionally sues the following employees who he claims are

employed by both the KDOC and CCIHI: Deb Williams, ARNP; Susan Reffett, RN; and April Hyatt, RN. Finally, Plaintiff sues four Unknown Defendants.

Plaintiff sues all Defendants in their individual and official capacities. He alleges violations of the Eighth and Fourteenth Amendments under 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 701 *et seq.* He also alleges a state-law negligence claim and violation of Section 17 of the Kentucky Constitution.

Plaintiff reports that he was diagnosed with the Hepatitis-C Virus (HCV) in 1997, that the governor at one time ordered Defendants to provide him with treatment for this condition, and that in May 2007, Defendant Nurse Hiland advised him that he had HCV and that "she was going to put him in for him to be treated by faxing the request to Frankfort's Medical Office to Dr. Haas, Shedlofsky, and Kimbler." Plaintiff further alleges, however, that since 2005 Defendants Nurse Hiland, Hyatt, Reffett and Williams have repeatedly examined him and conducted blood testing on a daily basis but have all lied to him by telling him that he does not have HCV. Apparently, Defendants retested him with "two HCV RNA tests in [April and in November], 2005, which read two false-negative readings on [Plaintiff's] known HCV condition." Plaintiff maintains these readings are unreliable and that the HCV RNA testing procedure "is flawed because the U.S. Food and Drug Administration (FDA) has not approved such testing procedure and it lacks standardization requirements." He claims that despite his elevated ALT levels, Defendants have failed to order or conduct further testing, such as a liver biopsy, to determine the extent of liver damage.

Plaintiff claims that Defendants Dr. Hiland and Nurse Hiland currently have the difficult task of trying to maintain three prison facilities' medical departments and that they became angry at him for filing a grievance. He claims that "[b]oth Hilands' have threatened [Plaintiff] by telling him that they won't treat him, he won't make parole and will die imprisoned because he filed his health-care grievance."

Plaintiff contends that due to the cost-conscious policy of the KDOC, he and other inmates are not being treated for HCV as Defendants' "HCV Management Plan is designated to deny treatment to as many HCV positive inmates as possible, due to the cost of treatment." He further claims that the three contract healthcare providers have customs and policies that fail to address the needs of inmates with serious medical conditions and the contract providers' "continuous pattern of non-treatment . . . is part of their regularly followed custom and is a direct result of their cost-conscious customs."

Plaintiff additionally alleges that a physician prescribed Ranitidine for Plaintiff but that Defendants failed to prescribe the medication and have instead insisted that Plaintiff purchase medication from the canteen "at a cost of $22.44 of sixty (60) tablets which is a one (1) month supply . . . which [Plaintiff] simply cannot afford to purchase monthly with what he makes on his prison job monthly." He also claims that he is a qualified individual with a disability and has been excluded from participation in the prison's HCV treatment.

Plaintiff maintains that Defendants' failure to provide him with treatment and monitor his condition based on economics constitutes deliberate indifference to his serious medical condition in violation of the Eighth and Fourteenth Amendments and that their refusal of treatment also constitutes negligence under Kentucky law. Additionally, maintains Plaintiff, "the development, adoption, promulgation and enforcement of the defendant's HCV Management Plan, which is

guided by the cost-conscious economic policy of the defendants, and not sound medical practice, constitutes deliberate indifference" under the Eighth and Fourteenth Amendments and negligence under state law.  He also contends that Defendants, by their actions and inaction, violated the ADA, the RA, and the Kentucky Constitution.

As relief, Plaintiff seeks compensatory and punitive damages, declaratory judgment, and injunctive relief.  As injunctive relief, Plaintiff asks to be evaluated by a liver specialist and to receive a liver biopsy and other testing to determine the best course of treatment for him and further asks for the Court to prevent Defendants from retaliating against him for filing his grievance and this lawsuit.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# III.

## A.    42 U.S.C. § 1983

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

### 1.  All claims against KDOC and official-capacity claims for damages against all other Defendants

A state, its agencies,[1] and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity claims for damages against state officials and all claims (damages and equitable relief) against the KDOC, a state entity, are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). Accordingly, all claims against the KDOC and all official-capacity claims for damages against all other Defendants must be dismissed.

---

[1] The Kentucky Department of Corrections ("DOC") is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250.

### 2. Deliberate indifference

Plaintiff claims that Defendants are/have been deliberately indifferent to his serious medical needs in delaying and denying him medical treatment for his HCV and implementing/enforcing the HCV Management Plan. He alleges violations of the Eighth and Fourteenth Amendments with respect to the deliberate-indifference claim.

#### a. Eighth Amendment

In the context of a § 1983 claim for inadequate medical care, prison officials and employees violate a prisoner's civil rights under the Eighth Amendment if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). The Court will allow the Eighth Amendment claim of deliberate indifference to a serious medical need to proceed against all Defendants (except the KDOC) in their individual capacity for all relief and in their official capacity for equitable relief.

#### b. Fourteenth Amendment

Plaintiff's Fourteenth Amendment claim is more properly analyzed under the Eighth Amendment. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' [under the Fourteenth Amendment] must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Because the Eighth Amendment provides an explicit textual source of constitutional protection in this case, Plaintiff's Fourteenth Amendment claim of deliberate indifference to serious medical needs is inappropriate and will be dismissed.

### 3. Retaliation

The Court will also allow the retaliation claim to continue against Defendants Dr. and Nurse Hiland in their individual capacity for all relief and in their official capacity for equitable relief.

**B.    ADA and RA claims**

The Court will allow the ADA and RA claims to proceed against all Defendants.

**C.    State-law claims**

Plaintiff asserts a negligence claim and a violation of Section 17 of the Kentucky Constitution. The Court will allow these claims to proceed against all Defendants.

**D.    Claims against four Unknown Defendants**

The Court has allowed various claims to proceed against all Defendants. This includes the four Unknown Defendants. The Court notes that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P 4(m).

Because Plaintiff is proceeding *in forma pauperis*, the Court will count the 120 days from the date of this Memorandum Opinion. Accordingly, **Plaintiff has 120 days from the date of this Memorandum Opinion within which to move to amend his complaint to name specific Defendants or show good cause for his failure to do so.** Plaintiff is put on notice that his failure to meet the requirements of the federal rules could **result in dismissal** of this action as to the four Unknown Defendants.

8

**IV.**

In conclusion, the Court will allow the following claims to proceed: the § 1983 Eighth Amendment, deliberate-indifference claim against all Defendants (except the KDOC) in their individual capacity for all relief and in their official capacity for equitable relief; the retaliation claim against Defendants Dr. and Nurse Hiland in their individual capacity for all relief and in their official capacity for equitable relief; the ADA and RA claims against all Defendants; and all state-law claims against all Defendants.

The Court will enter a separate Scheduling Order governing the development of these continuing claims. The Court will also enter a separate Order dismissing all other claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Counsel of Record
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005