UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:08CV-P94-R

RICKEY BERNARD JONES                                                           PLAINTIFF

v.

KENTUCKY DEPARTMENT OF CORRECTIONS *et al.*                       DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to amend the complaint to add Dr. Douglas Crall and Dr. Rafi as defendants in their individual capacities (DN 67).

Plaintiff identifies Dr. Crall as one of his doctors while he was housed at the Luther Luckett Correctional Complex (LLCC), who subsequently went to work for the Kentucky Department of Corrections as Chief Medical Doctor. Plaintiff claims that while he was at LLCC Dr. Crall knew he was infected with the Hepatitis-C virus (HCV) but "deliberately and intentionally interfered" with medication prescribed for his "esophagus and stomach erosion (Zantac)" by an outside physician, Dr. Overstreet. Plaintiff alleges that Dr. Overstreet prescribed the medication for the rest of Plaintiff's life or until the erosion healed but that Dr. Crall discontinued the treatment. Plaintiff further claims that Dr. Crall never regularly treated Plaintiff for his fluctuating ALT liver enzyme levels[1] or ordered a biopsy although Dr. Overstreet had warned Dr. Crall about this. Plaintiff reports that Dr. Crall was then transferred to Frankfort as

---

[1] Plaintiff reports that at LLCC on December 16, 1999, his ALT level was 82, which is 32 points above the normal limited of 0-50.

the Chief Medical Doctor.[2] Plaintiff indicates that he believed as Chief Medical Doctor Dr. Crall would assist him in getting treatment for his HCV and other medical conditions. According to Plaintiff, however, Dr. Crall repeatedly denied and interfered with treatment, even though Dr. Crall was "then in power to see that [Plaintiff] would be properly treated for HCV, ALT levels, esophagus & stomach erosion, muscle wasting, bone aches, headaches, sour stomach and other well documented diseases even when [Plaintiff] had desperately written Crall for help."

Plaintiff reports that Dr. Rafi was his treating physician at the Green River Correctional Complex (GRCC). Plaintiff alleges that Dr. Rafi knew he was "very ill" at GRCC but "intentionally denied and interfered with treatment" by failing to regularly monitor his HCV condition. While at GRCC, Plaintiff reports that his ALT levels were tested on March 2, 2000; February 15, 2001; March 22, 2002; May 15, 2002; December 6, 2002; May 9, 2003; and May 15, 2003, and that on each occasion, his levels were elevated.

According to the allegations in the proposed amended complaint (DN 67), Plaintiff was housed at the LLCC in 1999; at the GRCC in 2000 through around mid-to-late 2004; at the Kentucky State Reformatory from around mid-to-late 2004 through May 2005; and at the Kentucky State Penitentiary beginning May 2005 where he continues to be housed.

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky § 1983 actions are limited by the one-year statute of

---

[2]In *Martin v. Crall*, Civil Action No. 3:05CV-P399-H, 2007 WL 3046584 (W.D. Ky. Oct. 17, 2007), the Court advised that "Doug Crall completed his stint as interim medical director on June 30, 2004." *Id.* at *3 (based on affidavit dated July 23, 2007, wherein Dr. Crall averred that he acted as the interim medical director in Frankfort from June 1, 2004, through June 30, 2004.).

limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir.1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir.2001). "The same one-year statute of limitations and accrual analysis applies to Plaintiff's negligence and medical malpractice claims." *Coate v. Montgomery County, Ky.*, No. 99-6123, 2000 WL 1648131, at *3 (6th Cir. Oct. 27, 2000) (citing Ky. Rev. Stat. Ann. § 413.140(1)(a), (e) and (2)).

As advised above, Plaintiff was at LLCC, where Dr. Crall treated him, in 1999; at GRCC, where Dr. Rafi treated him, until mid-to-late 2004, when he was transferred to KSR. Plaintiff has been at KSP since May 2005. Further, Dr. Crall ended his brief period as KDOC interim Medical Director on June 30, 2004. Because all of the complaints against Drs. Crall and Rafi occurred well over a year before the filing of the complaint on June 3, 2008,[3] Plaintiff's claims against them are time-barred.

A district court may deny a motion to amend where, as here, the court finds that the proposed changes are futile, *i.e.*, destined to fail. *See North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1284 (6th Cir. 1997); *LRL Properties v. Portage Metro Housing Auth.*, 55

---

[3]Interestingly, although the complaint was stamped "FILED" by the Clerk of Court on June 3, 2008, Plaintiff signed the complaint and certified that it was delivered to the prisoner mail system for mailing on November 19, 2007. Despite this several-month discrepancy between the date of signing and actual filing, Plaintiff's claims against Drs. Crall and Rafi are still time-barred as his claims against them accrued at the latest in mid-to-late 2004 when he was transferred to KSR, well over a year before either date.

3

F.3d 1097, 1104 (6th Cir. 1995). For the reasons set forth above, the Court concludes that the motion to amend to add Drs. Crall and Rafi as defendants is futile.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (DN 67) is **DENIED**.

Date:

cc: Plaintiff, *pro se*
    Counsel of Record
4413.005